IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00307-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 174.51.234.104,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 22, 2013**.

    Pending before the Court are Putative John Doe's Renewed Motion to Quash [filed May 20, 2013; docket #17] ("Motion to Quash") and Defendant's Unopposed Motion for Leave to Proceed Anonymously [filed May 20, 2013; docket #19] ("Motion to Proceed Anonymously").

    In its May 2, 2013 minute order denying Defendant's initial motion to quash, the Court noted two deficiencies with the motion: (1) Defendant had neither requested nor received permission to proceed anonymously; and (2) neither party had provided the Court with a copy of the underlying subpoena. Though the pending Motion to Proceed Anonymously addresses the former concern, the Motion to Quash does not, upon the Court's review, address the latter.

    As noted in the May 2, 2013 order, Rule 45(c)(3)(A) permits only "*the issuing court*" to quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Because it is unclear from the current record whether this Court has the power to quash or modify the subpoena, the Court again **denies** the Motion to Quash **without prejudice**.

    With respect to Defendant's Motion to Proceed Anonymously, the Motion is **granted** as follows. Defendant may proceed anonymously in this matter for the purpose of contesting the validity of the subpoena. Upon resolution of a properly filed motion to quash, should the Defendant perceive a need to continue proceeding anonymously in this case, the Defendant must then seek permission from the Court to do so.