IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00307-WYD-MEH

MALIBU MEDIA, LLC,

        Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 174.51.234.104,

        Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Putative John Doe's Fourth Motion to Quash [filed May 30, 2013; docket #26] filed by Defendant John Doe Subscriber Assigned IP Address 174.51.234.104 (hereinafter "Defendant"). The motion has been referred to this Court for disposition. (Docket #27.) The matter is now fully briefed, and the Court determines that oral argument would not materially assist its adjudication of the Motion. For the reasons that follow, Defendant's Motion is **denied**.

**I.      Background**

Plaintiff initiated this action on February 5, 2013, alleging that Defendant, identified only by his Internet Protocol ("IP") address, infringed on seven of Plaintiff's copyrighted works by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. As additional evidence of Defendant's infringement practices, Plaintiff attaches the results of "Expanded Surveillance" of the BitTorrent downloads associated with the Defendant's IP address. (*See* docket #1-4.) Though Plaintiff asserts that the Defendant internet subscriber "is the most likely infringer," Plaintiff also attaches an Exculpatory Evidence Request to its Complaint.

(Docket #1-5.)   The Exculpatory Evidence Request seeks comprehensive information about household internet users, guests, neighbors, and internet devices at use in the residence.   (*Id*.) According to Plaintiff, the Exculpatory Evidence Request is served with the Complaint to account for the possibility that Defendant may deny Plaintiff's allegations.  (Docket #1 at 5.)

In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference.  (Docket #9.)  The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #11.)  In particular, the Court authorized Plaintiff to serve third-party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of Defendant based on the  IP address named in the Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP has assigned an IP address.  With the subpoena, the Court directed Plaintiff serve a copy of its order.  Finally, the Court emphasized that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1].   The Court cautioned Plaintiff that improper use of this information may result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP, Comcast, on February 22, 2013.   (Docket #26.)  Presumably upon receiving notice of the subpoena from Comcast, Defendant first moved to quash the subpoena on April 29, 2013.  (Docket #13.)  The Court denied the first three motions to quash on procedural grounds [*see* dockets ##16, 22, 25] and Defendant filed the pending fourth Motion [docket #26] on May 30, 2013.

Defendant's Motion asks the Court to assess the adequacy of the subpoena and the validity of early discovery under a heightened standard developed by district courts in the Ninth and Second Circuits.   In particular, Defendant urges the Court to quash the subpoena based on the *Sony Music* and *Semitool* factors derived from *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) and  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Beyond *Sony Music* and *Semitool*, Defendant cites *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) for the proposition that the "subpoenas in cases like this should be quashed because they are not 'very likely' to reveal the identities of the actual defendants." (Docket #26-1 at 13.)  Defendant proposes heightened evaluation based upon Plaintiff's alleged status as a copyright "troll" and Plaintiff's alleged preference to settle rather than adjudicate its claims.  (*Id.* at 7-9.) Defendant also claims that his file sharing activities constitute speech, although he concedes that "only minimal" First Amendment protection is warranted.  (*Id.*)  For all this, Defendant asks the Court to quash the instant subpoena and require Plaintiff to present a comprehensive "discovery plan" before seeking leave to renew it.

## II.    Discussion

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated.  *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or

privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest. *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)). Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

This Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). As for privilege, the burden rests squarely on the moving party to demonstrate that a privilege exists and that the subpoena would improperly disclose such information. *Malibu Media, LLC*, 2012 WL 3089383 at *5.

Defendant's Motion presents extensive argument on a number of issues, but standing is not among them. While the Motion explains that Plaintiff seeks Defendant's "personal information," it does not assert that such information is privileged or proprietary.  Instead, Defendant appears to discuss something akin to privilege by invoking a First Amendment right to remain anonymous in his file- sharing. As thin as this may be, the Court will assume without finding that this interest is sufficient to confer standing upon Defendant to challenge the underlying subpoena.

Instead of addressing the grounds cited in Rule 45, Defendant asks the Court to quash the subpoena on three separate bases: (1) Plaintiff's litigation tactics; (2) Defendant's inability to challenge the Court's order permitting early discovery; and (3) Defendant's First Amendment right to anonymous file sharing.  The Court will consider each argument in turn.

Defendant, like many of the litigants in his position, alleges that the subpoena should be quashed because Plaintiff is a copyright "troll" primarily interested in settling rather than litigating its claims.  As the Court has made clear before, Rule 45 does not contemplate quashing a subpoena on this basis.  Moreover, the Court finds this accusation inconsistent with its experience.  As the magistrate judge assigned to handle all cases by this Plaintiff, the Court has had the opportunity to observe Plaintiff and Plaintiff's counsel on a number occasions and in a variety of contexts, including settlement.  Like District Judge Michael Baylson, who recently entered judgment in favor of Plaintiff after a trial to the bench, the Court has found that Plaintiff  is not a "copyright troll," but rather an actual producer of adult films.  *Malibu Media, LLC v. John Does 1,6,3, 14*, *and Bryan White*, --- F. Supp. 2d ----, 2013 WL 3038025, at *2 (E.D. Pa. June 18, 2013). Moreover, the Court has personally observed Plaintiff's willingness to settle and/or dismiss cases without payment of *any damages* where the defendant has come forward with exculpatory evidence.  *See Malibu Media, LLC*

5

*v. Maness*, No. 12-cv-01873-RBJ-MEH, 2012 WL 7848837, at *3 (D. Colo. Dec. 4, 2012).  As the Court noted in *Maness*, Plaintiff "may be understandably and even reasonably skeptical of a defendant's assertion of innocence." *Id.* at *6.  Even if there is no ultimate liability, "Plaintiff has a constitutional right to file a lawsuit to and engage in discovery to determine whether a defendant or someone using a defendant's IP address infringed on its protected works" provided Plaintiff has a good-faith basis under Rule 11 for bringing suit. *Id.* Similarly, Plaintiff shares the same right as all litigants to settle or dismiss its claims before engaging in discovery and prior to the filing of any dispositive motions.  *Id.*  Thus, the Court declines to quash the subpoena based on the litigation tactics alleged in the Motion.

Defendant's second argument is also unavailing. The fact that Defendant was unaware of this action at the time Plaintiff moved for early discovery is both obvious and immaterial. Plaintiff did not (and does not) know Defendant's identity; that is precisely the reason Plaintiff sought early discovery and one of the few reasons that early discovery is generally permitted. *See 20/20 Fin. Consulting, Inc. v. Does 1-5*, 10-cv-01006-CMA-KMT, 2010 WL 1904530, at *1 (D. Colo. May 11, 2010).  To suggest that Defendant's failure to participate in a process intended to discover his identity should be used as a basis for restricting the discovery is, at a minimum, unreasonable. Thus, the Court declines to deviate from Rule 45 based on Defendant's absence from the litigation at the time the Court authorized the issuance of the subpoena.

Lastly, the Court considers whether Defendant's interest in anonymous file sharing justifies quashing the subpoena.  While anonymous internet speech, including file sharing, enjoys some protection under the First Amendment, such protection is not absolute.  *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248 (N.D. Ill. 2011).  As a category, copyright infringement is not

protected by the First Amendment. *Id*. (citing *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985)). Between these ends, courts have recognized that "defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." *Id*. (citing *Arista Records v. Does 1-19*, 551 F. Supp. 2d 1, 9 (D.D.C. 2008)).

The Tenth Circuit has not articulated a standard for weighing a plaintiff's need for discovery against a defendant's right to anonymous speech. Defendant proposes *Sony Music*, *Semitool*, or even *Gillespie* as possible sources of guidance. According to the Court's research, a sizable percentage of other courts balancing the rights asserted in this lawsuit rely on the factors set forth in *Sony Music*. *See, e.g., Malibu Media, LLC v. Doe*, No. 2;13-cv-259-Ftm-99SPC, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013); *Patrick Collins, Inc. v. John Does 1-11, 13-18, and 20-23*, No. 12-3146, 2013 WL 395497, at *4 (E.D. Pa. Jan. 31, 2013); *First Time Videos, LLC*, 276 F.R.D. at 248-49. Thus, the Court will consider the *Sony Music* factors as follows: (1) whether Plaintiff has made a *prima facie* case of infringement; (2) the specificity of information sought from the ISP; (3) a lack of alternative means of obtaining that information; (4) a "central need" for the information in order to bring the claim; and (5) the expectation of privacy held by the objecting party. *Sony Music*, 326 F. Supp. 2d at 564-65.

Beginning with the first factor, a *prima facie* claim of copyright infringement requires a plaintiff to allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). As set forth in Plaintiff's Complaint and in the documents attached thereto, Plaintiff asserts that it owns valid copyrights in each of the seven films at issue in this lawsuit and that Defendant

copied and distributed elements of Plaintiff's original works without Plaintiff's consent. (Dockets ##1, 1-3.) Thus, the first factor weighs in favor of permitting discovery.

Considering the second factor, the Court turns to the subpoena. As authorized by the Court's February 18, 2013 order permitting early discovery, the subpoena seeks Defendant's name, address, and telephone number. (Docket #26-6.) Such information is specific enough to enable Plaintiff to serve process on Defendant. *See Sony Music*, 326 F. Supp. 2d at 566.

With regard to the third factor, Defendant concedes that the subpoena is "a necessary first step" in Plaintiff's effective prosecution of this action. (Docket #32 at 4.) The Court is likewise convinced that Plaintiff lacks a viable alterative means of obtaining the information sought in the subpoena. While this information is not guaranteed to produce the identity of the infringer, the Court can think of no other reasonable way of discovering the infringer than by permitting Plaintiff discovery into the identity of Defendant, who has not disputed that he owns the IP address through which the alleged infringement occurred. The third factor weighs in favor of discovery.

The fourth factor is similar to the third insofar as it considers the centrality of Plaintiff's need for the subpoenaed information. As noted above, it is likely impossible for Plaintiff to determine who infringed its protected works without first identifying the internet subscriber to whom the Defendant's IP address is assigned. By providing a copy of its Exculpatory Evidence Request with its Complaint, Plaintiff has demonstrated some of the steps it may take to get from the internet subscriber to the alleged infringer. Because the information sought in the subpoena is critical to this process, the fourth factor weighs in favor of discovery.

With regard to the fifth factor, several courts have recognized that a file sharer's First Amendment right to anonymity is "exceedingly small." *Call of the Wild Movie*, *LLC v. Does 1-*

*1,062*, 770 F. Supp. 2d 332, 349 (D.D.C. 2011) (collecting cases).  In addition, "it is hard to understand just what privacy expectation [a file-sharing defendant] has after essentially opening up [his or her] computer to the world." *Patrick Collins, Inc.*, 2013 WL 395497, at *4. To the extent the fifth factor favors Defendant at all, its weight is minimal.

On balance, the Court finds that the information sought in subpoena is both relevant and necessary to Plaintiff's interest in vindicating its valid copyrights through this litigation and the discovery sought herein.  Defendant's First Amendment right to anonymous file sharing is too slight to overcome this interest.  Therefore, the *Sony Music* factors support enforcement of the subpoena.

## III.   Conclusion

For the reasons stated above, the Court finds that Defendant has not met his burden of showing that the subpoena served on Comcast must be quashed.  Therefore, Putative John Doe's Fourth Motion to Quash [filed May 30, 2013; docket #26] is **denied**.

Entered and dated at Denver, Colorado, this 14th day of July, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge